## McBarron *et al. versus* Glass *et al.*

30    133
40SC 1151

When there is an attempt to set up a resulting trust against the legal title, it is the duty of the court to reject all evidence that, if true, does not make out such a case as would induce a chancellor to decree a conveyance.

Prior to the Act of 22d April 1856, a resulting trust could not have been enforced after the lapse of twenty-one years from the happening of the events by which it arose.

Strimpfler *v.* Roberts, 6 *Harris* 283, affirmed.

ERROR to the Common Pleas of *Schuylkill county.*

This was an ejectment, by Alexander F. Glass, Samuel Shober, Frederick Shober, William Roberts, and James Cummings, against John McBarron, Jacob Eisenhuth, James Taggart, and Wayne Myers, for a tract of land in Rush township, Schuylkill county, containing 412 acres 91 perches.

The plaintiffs claimed title, under a warrant to Joseph Hoy, for 400 acres, dated the 24th May 1815; a survey thereon on the 9th June following, of 412 acres 91 perches, accepted on the 30th of the same month; and a patent to Joseph Hoy, on the 8th July 1815.

On the 7th June 1842, Philip Hoy and wife, and Joseph Hoy and wife, conveyed to Jacob Beacher, the tract patented to Joseph Hoy, for $1600. And on the 4th April 1845, Jacob Beacher and wife conveyed an undivided half of the same tract to George Eisenhuth. The plaintiff deduced a clear legal title from Beacher and Eisenhuth.

The defendants claimed an undivided half of the land. They showed that six warrants, each for 400 acres, and dated the 24th May 1815, (including the one under which the plaintiffs claimed title), had been taken out in the names respectively of George Body, Philip Hoy, George Body, Jr., Abraham Hoy, Henry Hoy, and Joseph Hoy; that they were taken out and paid for by George Body, the father of George Body, Jr., and by Philip Hoy, the father of Abraham, Henry, and Joseph Hoy, in partnership, and for their joint use; that they had them surveyed on the 7th, 8th, and 9th of June 1815, and paid the office and patenting fees.

That George Body died in 1841 or 1842, leaving two sons, George and Benjamin, whose title is vested in the defendants. That before Beacher and Eisenhuth purchased they had express notice from George Body, that he and his brother owned one-half of the tract, and that it was partnership land. Evidence was also given of an ejectment in 1846 against the holders of the legal title, and a writ of estrepement in that suit.

It was further shown that Philip Hoy and George Body, Sr., paid the taxes on these lands; that at least twice before Beacher purchased, the sons of George Body had paid the taxes; and that

as early as 1844 or 1845, Jacob Eisenhuth moved on the six tracts (known as the Hoy and Body lands,) that he cut timber over the whole tracts, and that he had ever since resided thereon with his family.

Defendants further showed a deed from the treasurer of Schuylkill county to the commissioners, dated 6th July 1822, for 800 acres of land in Schuylkill township, surveyed to and owned by Body and Hoy, sold for $23.40 road tax; and a redemption deed dated 27th April 1829, by the commmissioners to George Body, for $52.

The court below (HIGGINS, P. J.,) instructed the jury that upon the whole evidence, the plaintiffs were entitled to recover. There was a verdict and judgment for the plaintiffs, whereupon the defendants removed the cause to this court, and here assigned for error, that the court below erred in so charging the jury.

*F. W. & J. Hughes* and *Hoffman*, for plaintiffs in error.—The payment of the purchase-money to the commonwealth by George Body and Philip Hoy, constituted them, in equity, tenants in common of the whole body of lands surveyed: Sampson *v.* Sampson, 4 *S. & R.* 333–4; Cluggage *v.* Duncan, 1 *S. & R.* 117.

*B. W. Cumming*, for defendants in error.—A party entitled to a resulting trust is required to act promptly. Equity refuses its aid after 21 years: Peebles *v.* Reading, 8 *S. & R.* 493; *Price on Limitations,* 156; Strimpfler *v.* Roberts, 6 *Harris* 298.

The opinion of the court was delivered by

STRONG, J.—The defendants below stood upon an alleged equity. The evidence given to prove that it ever had any existence was slight, and it is doubtful whether a chancellor would have listened to it, asserted as it was against a regular legal title. It is said to have been a resulting trust in Joseph Hoy in favour of George Body, in consideration that the latter had paid part of the purchase-money of a warrant issued to Hoy. That payment is proved only by the testimony of Joseph Toll, who testified that his father-in-law, Philip Hoy, and George Body, took up the land, that each paid one-half in the office; and by the testimony of George Body, Jr., who says that old Hoy and his father took up the six tracts in partnership—each paid one-half. Neither witness states that he was present when the alleged payment was made, nor what were his means of knowledge of any payment. In cases of parol sales, where the attempt is to evade the statute of frauds by converting the vendor into a trustee for the vendee by partial execution, it has repeatedly been held to be the duty of the court to reject all evidence of a verbal contract, if, in the judgment of the court, when taken as true, it does not make out such a case as

would induce a chancellor to decree a conveyance: Brawdy *v.* Brawdy, 7 *Barr* 157; Poorman *v.* Kilgore, 2 *Casey* 371; per LOWRIE, J. There is at least equal reason for applying the same rule to an attempt to set up a resulting trust against a legal title.

But assuming that in this case such a trust was proved, did it exist when the plaintiffs below brought their ejectment? The warrant was issued on the 24th of May 1815, to Joseph Hoy. Then, if *ever*, Body paid part of the purchase-money, and then, if *ever*, the resulting trust was *born*. From that time until June 7th, 1842, a period of more than twenty-seven years, neither George Body, nor any one claiming under him, ever asserted his equitable title, in such a manner as to keep it alive. Nor did Joseph Hoy, the warrantee, or those claiming under him, ever acknowledge its existence. So far from any such acknowledgment was the fact that a patent for the land was taken in the name of Joseph Hoy alone on the 8th of July 1815, which was a denial of ownership in George Body. The facts proved, that Body and his children occasionally paid taxes assessed upon a larger body of lands, including that in dispute, but assessed as one tract, called Hoy and Body, part of which was warranted and patented to them, and that George Body redeemed that large tract in 1829, after it had been sold for taxes, amount to no assertion of this pretended *latent* equity. Those acts were necessary to save the lands patented to the Bodys, and are consistent with entire forgetfulness of any equitable claim to the tract patented to Joseph Hoy.

The case is, therefore, embraced within the principle of Strimpfler *v.* Roberts, 6 *Harris* 283, and is ruled by it. The general doctrine of that case is, " that where a warrant is issued to one person, and the purchase-money is paid to another, and the patent is afterwards taken out by the nominal warrantee, the right of him who paid the purchase-money is gone, unless he takes possession of the land, or brings ejectment to recover it within twenty-one years from the date of the warrant; and after that lapse of time he cannot recover, no matter how clearly he may be able to prove that the legal owner was in the beginning a trustee for him." It is further ruled in that case, " that evidence of purchase-money paid by the plaintiff as the ground-work of his title, ought to be rejected by the court, if the date of the payment be more than twenty-one years before suit brought, unless it be accompanied by an offer to prove such acknowledgments on the part of the warrantee as will take the case out of the rule here laid down." So just is this principle of limitation, that the legislature have now adopted it, and have even restricted the period within which a resulting trust may be enforced to five years: Act of 22d April 1856, *P. L.* 532. It follows, that the equitable title, which the defendants below attempted to set up, had no existence.

This view of the case renders it unnecessary to consider the effect

of the ejectment brought to June Term 1846, against the holders of the legal title. The resulting trust having expired long before that time, notice, if *lis pendens* be notice of a *latent* equity, was utterly unavailing to give it new life.

Judgment affirmed.